

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00123-CR

**NOAH MANUERE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law
Navarro County, Texas
Trial Court No. C-34902-CR**

## MEMORANDUM OPINION

Appellant Noah Manuere was found guilty of the offense of continuous sexual abuse of a child and received a life sentence. Appellant's appointed appellate counsel has filed a motion to withdraw and an *Anders* brief, asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although informed of his right to do so, Appellant did not file a pro se response to the *Anders* brief.

In an *Anders* case, we must, "after a full examination of all the proceedings, []

decide whether the case is wholly frivolous." *Id.* at 744, 87 S.Ct. at 1400; *accord Stafford v.*

*State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or

"without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486

U.S. 429, 439 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988).

We have conducted an independent review of the record, and because we find

this appeal to be wholly frivolous, we affirm the judgment. We grant appointed

counsel's amended motion to withdraw from representation of Appellant.

Notwithstanding this grant, appointed counsel **must** send Appellant a copy of our

decision, notify him of his right to file a pro se petition for discretionary review, and

send this Court a letter certifying counsel's compliance with Texas Rule of Appellate

Procedure 48.4. TEX. R. APP. P. 48.4; *see also Ex parte Owens*, 206 S.W.3d 670, 673-74 (Tex.

Crim. App. 2006).


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray concurs with a note)*
Affirmed
Opinion delivered and filed January 15, 2015
Do not publish
[CRPM]

*(Chief Justice Gray concurs in the judgment to the extent it affirms the trial court's judgment. A separate opinion will not issue.)

